# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KEVIN BOATSWAIN, an individual; )
and MICHELLE BOATSWAIN, )
an individual, )
)
          Plaintiffs, )
)    C.A. N22C-07-020 AML
   v. )
)
ROBERT MILLER, an individual; )    JURY TRIAL DEMANDED
LUKE REAL ESTATE, a business )
entity form unknown; WILMINGTON )
SAVINGS FUND SOCIETY FSB, )
Trustee, )
)
          Defendants. )

Submitted: October 6, 2022
Decided: January 23, 2023

## ORDER

### Upon Defendants' Motion to Dismiss: GRANTED

1. The plaintiffs in this case filed a complaint against the defendants for racial discrimination and breach of fiduciary duty associated with the plaintiffs' attempt to purchase a residential property. The defendants moved to dismiss the complaint on the basis that the plaintiffs failed to state a claim for racial discrimination under the Fair Housing Act, and the Court does not have subject matter jurisdiction to resolve fiduciary duty claims. After reviewing the parties' submissions, it is apparent the defendants' motion to dismiss must be granted.

1

**FACTUAL BACKGROUND**

2. This action arises out of an attempted sale of property between Kevin Boatswain and Michelle Boatswain (collectively, "Plaintiffs"), and Robert Miller, Luke Real Estate, and Wilmington Savings Fund Society FSB (collectively, "Defendants").[1]

3. Plaintiffs were tenants of a residential property located at 411 South Harrison Street, Wilmington, Delaware (the "Property").[2] Plaintiffs began leasing the Property in 2009.[3] In February 2021, the Property went into foreclosure and was purchased by Wilmington Savings Fund Society FSB.[4] Thereafter, Defendant Miller, the broker and listing agent for the Property, listed the Property for $79,000.[5] Because Plaintiffs were still living on the premises, the Property's listing stated it was offered for sale "sight unseen."[6] "Sight unseen" means a property inspection is not required for the transaction to close.[7] Typically, no inspection is required for a cash offer because the buyer bears all the risk in that type of transaction. A financed transaction, on the other hand, carries potential risk for the seller and lender.

---

[1] Compl. ¶¶ 5-14.
[2] *Id.* ¶ 5.
[3] *Id.*
[4] *Id.* ¶ 6.
[5] *Id.*
[6] Defs.' Opening Br. at 1.
[7] *Id.*

2

4. Plaintiffs found the listing for the Property, contacted Defendant Miller, and submitted a financed offer to purchase the Property for $90,000. The offer was submitted through Defendants to Carrington Mortgage Services, LLC (the "Seller").[8] As part of the offer, Plaintiffs sent Defendant Miller proof that Plaintiffs were pre-approved for financing in the amount of $72,000.[9] The Seller responded to Plaintiffs' financed offer by requiring an interior inspection, which Defendant Miller then conveyed to Plaintiffs.[10]

5. In response, Plaintiffs questioned why an interior inspection was necessary if they were not using Defendants for financing.[11] Defendant Miller clarified the Seller only would accept cash offers because there were tenants in the house and the interior's condition was not known.[12] Defendant Miller also added that, for the Seller to consider a financed offer, the Seller first would need to inspect the Property's interior and obtain photographs.[13] Consequently, Defendant Miller made repeated requests to Plaintiffs for access to the Property to conduct an inspection. Plaintiffs refused, and another purchaser ultimately bought the Property in an all-cash transaction.[14]

---

[8] Compl. ¶ 8.
[9] Defs.' Opening Br. at 4, Ex. A at 8.
[10] *Id.*
[11] *Id.*
[12] Defs.' Opening Br. at 5, Ex. A at 13.
[13] *Id.*, Ex. A at 13-14.
[14] *Id.*, Ex. A at 16.

6. On June 30, 2022, Plaintiffs filed a complaint against Defendants alleging racial discrimination in violation of Delaware's Fair Housing Act ("FHA") in Count I and a breach of fiduciary duty in Count II. The complaint sought compensation for damages suffered by Plaintiffs as well as attorneys' fees. On August 18, 2022, Defendants moved to dismiss the complaint for failure to state a claim as to Count I and lack of subject matter jurisdiction as to Count II. In response to Defendants' motion to dismiss, Plaintiffs conceded Count I should be dismissed. The parties fully briefed the motion, and the Court took the motion under advisement.

**ANALYSIS**

**Count I – Racial Discrimination**

1. Plaintiffs conceded the Court should dismiss Count I, which alleged Defendants discriminated against Plaintiffs on the basis of race in violation of the FHA. In their complaint, Plaintiffs alleged Defendant Miller listed the property for sale "as-is" and without inspections and showings due to the presence of tenants.[15] According to Plaintiffs, once Defendants learned that Plaintiffs were the current tenants, and black, they added additional requirements that Plaintiffs had to meet in order for the Seller to consider their offer.[16] Plaintiffs averred Defendants added a

---

[15] Compl. ¶ 7.
[16] *Id.* ¶ 10.

4

walk-through that was not required before Defendants learned Plaintiffs were the current tenants.[17] Plaintiffs maintained that these actions were taken in violation of 6 *Del. C.* § 4603, which prohibits discrimination against any person regarding the "terms, conditions, or privileges of sale or rental of a dwelling."[18]

2.     Defendants moved to dismiss Count I on the basis that it failed to state a claim under the Delaware Fair Housing Act.[19] In their reply to Defendants' motion to dismiss, Plaintiffs conceded dismissal as to Count I.[20] Plaintiffs explained they were "so surprised and distraught when [Defendant] Miller sold the [P]roperty to another buyer for less than the listed purchase price,. . . [Plaintiffs] assumed the buyer was not an individual of color."[21] Plaintiffs did not offer any further argument as to Count I. Count I therefore is dismissed with prejudice.

**Count II – Breach of Fiduciary Duty**

3.     On a motion to dismiss under Superior Court Civil Rule 12(b)(1), dismissal is appropriate if the record shows that the court lacks jurisdiction over the claim.[22]  Plaintiffs bear the burden of establishing jurisdiction.[23] "To prevail on a motion to dismiss pursuant to Rule 12(b)(1), a movant need only show that the Court

---

[17] *Id.*
[18] *Id.* ¶ 18.
[19] Defs.' Opening Br. at 7.
[20] Pls.' Res. to Defs.' Mot. to Dismiss at 9.
[21] *Id.*
[22] *Geo-Tech. Assocs., Inc. v. Cap. Station Dover, LLC,* 2020 WL 2557139, at *2 (Del. Super. May 15, 2020).
[23] *Appriva S'holder Litig. Co., LLC v. Ev3, Inc.,* 937 A.2d 1275, 1284 n.14 (Del. 2007).

lacks jurisdiction."[24] Delaware law is well-established that this Court lacks subject matter jurisdiction over fiduciary duty claims.[25] A breach of fiduciary duty claim "is an equitable cause of action and the [Delaware] Court of Chancery has exclusive jurisdiction over such claims."[26]

4.     Plaintiffs alleged when Defendants prepared the offer package to send to the Seller on Plaintiffs' behalf, Defendants became statutory agents for the Plaintiffs.[27] Plaintiffs averred Defendants provided their information to third parties without Plaintiffs' knowledge, discriminated against them on the basis of their skin color, and failed to convey their purchase offer to the Seller.[28] Plaintiffs did not, however, address subject matter jurisdiction in their response to Defendants' motion to dismiss. Because fiduciary duty claims fall within the exclusive jurisdiction of the Court of Chancery, Count II cannot proceed in this Court.

5.     For the foregoing reasons, Count I is dismissed with prejudice. Plaintiffs shall have 60 days in which to file a written election to transfer Count II to

---

[24] *Geo-Tech. Assocs., Inc. v. Cap. Station Dover, LLC,* 2020 WL 2557139, at *2 (Del. Super. May 15, 2020).

[25] *Reybold Venture Grp. XI-A, LLC v. Atl. Meridian Crossing, LLC*, 2009 WL 143107, at *2 (Del. Super. Jan. 20, 2009) (citing *McMahon v. New Castle Assocs.*, 532 A.2d 601, 604 (Del. Ch. 1987)).

[26] *KT4 Partners LLC v. Palantir Techs. Inc.,* 2021 WL 2823567, at *24 (Del. Super. June 24, 2021).

[27] Compl. ¶ 24 (alleging Defendants owed Plaintiffs a duty of care).

[28] *Id.* ¶ 25. The Court makes no finding that these allegations adequately plead the existence of a fiduciary duty or a breach of any such duty.

the Court of Chancery under 10 *Del. C.* § 1902. If Plaintiffs fail to transfer that claim within 60 days, Count II will be dismissed with prejudice.

**IT IS SO ORDERED.**

   */s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge